IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KARL LYNN SHACKELFORD, § | | |
| *also known as* § | | |
| KARL LYNN MCGEE § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | 2:10-CV-0251 | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## SUPPLEMENT TO NOVEMBER 23, 2010
## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS FOR WANT OF PROSECUTION

This case involves a recreational litigant and exemplifies the waste of judicial resources caused by such litigants. On October 20, 2010, petitioner filed with this Court a petition for a writ of habeas corpus along with a motion for leave to proceed *in forma pauperis* (ifp). The habeas corpus filing was unclear and at points unintelligible. The motion for leave to proceed ifp was not properly supplemented with a data sheet from petitioner's institution of incarceration. On October 25, 2010, this Court notified petitioner of such deficiencies and gave him the opportunity to correct them. Petitioner failed to make any of the necessary corrections or file any other documents in his case.

Approximately one month after the Court ordered petitioner to correct the deficiencies in his original filings, the Court issued a Report and Recommendation to dismiss the habeas corpus petition for want of prosecution. On the last day for filing objections, petitioner submitted a "Motion: To Amend Petition (Data Sheet) and Objection to Amended Petition Replacement of the Original Petition," an improperly completed habeas corpus form, and a data sheet from his institution of incarceration. The Court assumes he intends for these documents to cure the deficiencies in the original habeas corpus petition and motion to proceed ifp.

They do not. To the extent they do, this case should still be dismissed.

The documents submitted do not contain any objection to the Court's November 23, 2010 Report and Recommendation to dismiss for want of prosecution, nor do the newly submitted documents offer any explanation as to why petitioner failed to comply with this Court's October 25, 2010 orders. The habeas corpus form submitted by petitioner does not contain any information regarding the disciplinary case petitioner challenged in his original habeas corpus petition, if in fact petitioner is seeking habeas corpus relief. Further, the ifp data sheet submitted by petitioner indicates that while petitioner currently has $0.00 in his account he has had, in the past six months, sufficient deposits to pay the $5.00 filing fee in full. He does not qualify for status as a pauper.

As set forth above, petitioner continues to waste this Court's resources. Petitioner's conduct warrants not only dismissal of this case but sanctions of petitioner. The Magistrate Judge recommends this case be DISMISSED because (i) petitioner does not qualify for ifp status and has not paid the required filing fee and (ii) even if petitioner did pay the filing fee, his habeas corpus petition contains no fact warranting habeas corpus relief. In addition, the undersigned recommends petitioner be imposed with a monetary sanction of $100.00 and that petitioner be barred from filing any more litigation, either pursuant to civil rights or habeas corpus statutes, until he pays the $100.00 sanction.

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of December, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).